## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO.** |
| **COOPER MANUFACTURING CORPORATION** | § | **03-36812-7** |
| | § | |
| **DEBTOR** | § | |
| | § | **ADV. NO.** |
| **BEN B. FLOYD, TRUSTEE** | § | **05-3337** |
| **PLAINTIFF** | § | |
| | § | |
| **v** | § | |
| **TRIPLE-S STEEL SUPPLY CO.** | § | |
| **DEFENDANT** | § | |

## MEMORANDUM OPINION ON THE TRUSTEE'S MOTION TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL (ADVERSARY DOCKET NO. 10)

### I. INTRODUCTION

This motion concerns the timeliness of a demand for a jury trial under Federal Rule of Civil Procedure 38(b)[1] and whether the amended pleadings on record are sufficient to revive the right to demand a jury trial that has otherwise been waived. The defendant in this adversary proceeding filed its demand for a jury trial six weeks after it filed its Answer to the Original Complaint. The Trustee filed his First Amended Complaint four days after the defendant filed the jury demand. However, the nature of the amendment in the First Amended Complaint was purely technical and

---

[1]Unless otherwise noted, all Federal Rules of Civil Procedure are herein referred to as "Rule".

1

added no new issues to be resolved by a trier of fact. Accordingly, under Rule 38(b), and the settled case law on revival of the right to demand a jury trial, the Trustee's Motion to Strike should be granted.

## II. FINDINGS OF FACT

The facts, either as stipulated to or admitted by counsel of record, or as determined from the record, in chronological order, are as follows:

1.    On May 7, 2003 (the "Petition Date"), an involuntary Chapter 7 bankruptcy petition was filed against Cooper Manufacturing Corporation (the "Debtor" or "Cooper"). (Docket No. 1).

2.    On June 4, 2003, the Court entered the Order for Relief and Ben Floyd was appointed interim trustee of the Debtor's estate pursuant to 11 U.S.C. § 701. (Docket No. 33). Mr. Floyd (the "Trustee") was appointed permanent trustee to the Debtor's estate pursuant to 11 U.S.C. § 702 on August 7, 2003. (Docket No. 127).

3.    Triple-S Steel Supply Co. ("Triple-S"), the defendant in this adversary proceeding, was one of Debtor's vendors that supplied parts and services to the Debtor. Triple-S has never filed a proof of claim in this Chapter 7 case.

4.    On May 6, 2005, the Trustee filed his Original Complaint in this adversary proceeding. The Trustee seeks to avoid payments made to Triple-S within 90 days prior to the Petition Date as preferences under 11 U.S.C. §§ 547 and 550, and also to recover post-petition transfers pursuant to 11 U.S.C. § 549. The Trustee alleged in his Original Complaint that Triple-S received payments from the Debtor totaling $339,321.93, which are broken down as follows: (1) cash payments in the amount

2

of $146,136.74; and (2) the right to receive proceeds from a letter of credit issued for the benefit of Cooper, which resulted in the advising bank, JPMorgan Chase Bank, paying $193,321.93 on May 7, 2003. (Docket No. 302, Adversary Docket No. 1).[2]

5.      On June 9, 2005, Triple-S filed its Answer to the Trustee's Original Complaint (the Answer), admitting that it did receive certain sums from Cooper prior to the Petition Date, both in cash and as proceeds from a letter of credit. However, Triple-S disputes the amount received as well as the date the transfer of the letter of credit proceeds occurred. Triple-S has also defended on the ground that the payments received were contemporaneous exchanges for new value made in the ordinary course of business. (Adversary Docket No. 5).

6.      On July 21, 2005, Triple-S filed its Demand for a Jury Trial (the Demand) and its Motion to Withdraw the Reference. (Adversary Docket Nos. 6 and 7). On the same day, counsel for Triple-S conferred with counsel for the Trustee and consented to the Trustee filing an Amended Complaint. (Triple-S Steel Supply Co.'s Response to Motion to Strike Defendant's Demand for Jury Trial, ¶ 4 (Adversary Docket No. 18) and Trustee's First Amended Complaint, n. 1 (Adversary Docket No.8)).

---

[2]Although the Original Complaint states that Triple-S received total payments of $339,321.93, the sum of $146,136.74 plus $193,321.93 is $339,458.67–which is $136.74 more than what is pleaded. This Court trusts that the Trustee will make the appropriate amendment prior to trial. Such an amendment will not raise any new issues of facts, but will serve to correct an immaterial mathematical error.

7.      On July 25, 2005, the Trustee filed his First Amended Complaint.  (Adversary Docket No. 8).

8.      On July 26, 2005, The Trustee filed both a Response to Triple-S's Motion to Withdraw the Reference and a Motion to Strike Defendant's Demand for Jury Trial (the Motion to Strike).  (Adversary Docket Nos. 10 and 11).  In the Motion to Strike, the Trustee alleges that Triple-S waived its right to jury trial by failing to file its demand within 10 days of the service of the last pleading directed to such issue pursuant to Rule 38(b) and (d).  (Trustee's Motion to Strike ¶ 7).  According to the Trustee, the last pleading directed to such issue is the Original Complaint.

9.      On August 15, 2005, Triple-S filed its Response to the Trustee's Motion to Strike, arguing that because the Demand was not filed more than 10 days after the Trustee's First Amended Complaint, the Demand was timely.  (Adversary Docket No. 18).

## III.  CONCLUSIONS OF LAW

### A. Jurisdiction and Venue.

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O) and § 1334(a) and (c).  Venue is proper under 28 U.S.C. § 1409(a).

### B. The Defendant failed to timely file its demand for a jury trial.

Under Rule 38, any party may demand a jury trial on any issue that is appropriately heard by a jury. FED. R. CIV. P. 38(b); *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990).  Triple-S has correctly argued that the United States Supreme Court has determined that when a  party seeks monetary damages in an adversary proceeding filed within a

4

bankruptcy case, there is a strong presumption that the defendant is entitled to a trial by jury. *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 47-48 (1989). However, Rule 38(b), as made applicable by Bankruptcy Rule 9015(a), requires that the party demanding the jury trial file the demand no "later than 10 days *after* the service of the *last pleading* directed to such issue." (emphasis added) FED. R. CIV. P. 38(b). "The ten day period runs from the filing of the last pleading addressing the issue upon which trial is demanded." *Daniel*, 916 F.2d at 1063; *see also Cooperman v. R.G. Barry Corp.*, 141 F.R.D. 132, 134 (D. Minn. 1992) (affirming waiver of a jury trial where the plaintiff's demand was filed more than ten days after the service of his amended complaint but before the defendant's answer to the amended complaint). Failure to serve and file within the ten day period will result in a waiver of the right to jury trial. FED. R. CIV. P. 38(d).

The last pleading under Rule 38 has been interpreted to mean an answer to a complaint or a reply to a counterclaim. *In the Matter of Tex. Gen Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995) (citing *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), *aff'd*, 500 U.S. 136, 11 S.Ct. 1737, 114 L.Ed.2d 194 (1991)). In *Tex. Gen.*, the defendant did not file an answer to the first amended complaint until after the plaintiff filed its first amended complaint. Also, the defendant's answer to the first amended complaint contained the demand for jury trial. *Id.* In the case at bar, the final pleading on record was the Answer which Triple-S filed June 9, 2005. In the Answer, Triple-S did not make a demand for a jury trial. The Demand did not come until July 21, 2005. Under the method for computing time promulgated by Bankruptcy Rule 9006(a), the last day that

Triple-S could have filed its demand for jury trial was June 20, 2005.[3]  Clearly, it did not do so, and under a literal reading of the Rules, Triple-S waived its right to a jury trial.

However, Triple-S argues that the Trustee's First Amended Complaint is, in fact, the last pleading on this issue; and since the Demand was filed within 10 days of service of this particular pleading, Triple-S has not waived its right to a jury trial.  There is no precedent for automatically resurrecting a right to a jury trial where the otherwise waived jury demand is filed *before* an amended complaint has been filed, and this Court is not inclined to set one.  Parties are given liberal leeway to amend the pleadings under Rule 15(a).  However, it seems incongruous to the spirit of the Rule 38(b) to allow a party, after it realizes that it has waived its right to a jury trial, to amend pleadings or to refer to those amendments of the opposing party which do not raise new issues of facts. *See Anderson v. Am. Oil Co. of Balt., Md.*, 60 F.R.D. 676, 679 (S.D. Ga. 1973) (determining that an amendment to the pleadings should not be allowed when the sole purpose of the amendment was to allow the party to demand a jury trial).

## C.  The Defendant has failed to establish that the First Amended Complaint has raised new issues of fact, thereby reviving the right for the Defendant to demand a jury trial.

Assuming, *arguendo*, that waiver of jury trial can be revived by filing a demand for jury trial after the filing of the last pleading on record but before an amended complaint has been filed, Triple-S has failed to establish that the Trustee's First Amended Complaint raises any new issues of fact.  It is well established that under Rule 38, a pleading that raises new issues can revive a

---

[3]Rule 6(a) applies to suits in federal  district court for computing time.  However, in adversary proceedings filed in bankruptcy court, Bankruptcy Rule 9006(a) applies, and under this particular rule, the deadline for Triple-S to file a demand for jury trial was June 20, 2005 (instead of June 23, 2005, which would be the deadline if Rule 6(a) applied).

party's right to demand a jury trial. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005); *Daniel Int'l Corp. v. Fishbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990); *Commc'n Maint., Inc. v. Motorola, Inc.* 761 F.2d 1202, 1208 (7th Cir. 1985); *Fredieu v. Rowan Co., Inc.*, 738 F.2d 651, 653 (5th Cir. 1984); *Guajardo v. Estelle*, 580 F.2d 748, 752-53 (5th Cir. 1978). The Fifth Circuit stated in *Guajardo*, "[a] complaint 'raises an issue' only once within Rule 38(b)'s meaning when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial." (citations omitted) *Guajardo*, 580 F.2d at 753-54. "New issues" have been interpreted as new issues of fact and not new theories of recovery, new parties added, or "artful rephrasings" of the issues presented in the original complaint and answer. *In re Apponline.com*, 303 B.R. 723, 727 (Bankr. E.D.N.Y. 2004) (quoting *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980)). When the "issues in the original complaint and the amended complaint turn on the same matrix of facts" there is no revival of the right to demand a jury trial. *Lutz*, 403 F.3d at 1066 (quoting *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979)).

It is this Court's responsibility to determine at what point the pleadings finally frame the issues to be put before the trier of fact. *Commc'n Maint., Inc.*, 761 F.2d at 1208. The issues are so framed when the pleadings are sufficient to put all parties on notice as to the general issues in dispute. *In re Apponline.com*, 303 B.R. at 727. This Court finds that there are no new issues of fact presented by the Trustee's First Amended Complaint. There were very few modifications made to the Original Complaint that are reflected in the First Amended Complaint. The relevant paragraph in the Original Complaint filed in this Court states:

> Cooper also transferred to Triple-S its rights to receive proceeds from a letter of credit issued for the benefit of Cooper as further payment of its debt to Triple-S (the "Assignment"). The advising

> bank on the letter of credit, JPMorgan Chase Bank, paid Triple-S
> $193,321.93 on account of the Assignment on May 7, 2003 (the
> "May 7th Transfer").

Original Complaint ¶ 11.  The changes found in the First Amended Complaint read as follows:

> Instead of direct cash payment, Cooper agreed to pay Triple-S for
> the remainder of its goods and services from the proceeds of certain
> letters of credit, of which Cooper was the named beneficiary (the
> "LOC Proceeds"). In accordance with this agreement, Cooper
> authorized and instructed the issuing bank (the "Bank") of the
> letters of credit to pay Triple-S the sum of $193,321.93 from the
> LOC Proceeds, if and when the Bank honored Cooper's draft(s)
> upon proper presentation.
>
> On or about May 7, 2003, Triple-S received payment of
> $193,321.93 from the LOC Proceeds in accordance with Cooper's
> instructions to the Bank (the "May 7th Transfer").

Trustee's First Amended Complaint ¶¶ 11-12.

This amendment offers no new issues of fact, but rather more accurately describes the same issue as set forth in the Original Complaint.  The issue involved  is Triple-S's receipt of the proceeds from the letter of credit; the Trustee's First Amended Complaint does not add any new issues  for determination by the trier of fact.  Triple-S, in its Response to the Trustee's Motion to Strike, fails to articulate what new issues it must confront, blandly asserting that "the Complaint went beyond merely elaborating on issues raised in the Original Complaint."  Triple-S Steel Supply Co.'s Response to Motion to Strike Defendants Demand for Jury Trial ¶ 6. As discussed above, Rule 38(b) requires more than a rephrasing or more precise articulation of the issues raised in the Original Complaint.  Here, the First Amended Complaint did not go outside these boundaries, and therefore the Trustee's Motion to Strike must be granted.

Furthermore, the case law interpreting Rule 38 suggests that when a party's right to jury trial by an amendment to the pleadings has been revived, that party only has a right to jury trial on the new issues raised in the amendment. *Commc'n Maint., Inc.*, 761 F.2d at 1208; *Cooperman v. R.G. Barry Corp.*, 141 F.R.D. 132, 134 (D. Minn. 1992). As the court in *Cooperman* stated: "[t]he ten day deadline set forth in Rule 38(b) for making a jury demand would become a nullity if parties were allowed to make a jury demand for all issues alleged in the amended complaint whenever a party is allowed to serve and file an amended complaint. *Cooperman*, 141 F.R.D. at 134. In the case at bar, Triple-S only asserted a blanket demand for a jury trial in the Demand. By failing to specify what "new issues" were raised in the Trustee's First Amended Complaint, Triple-S has left this Court without any choice but to deny its demand for a jury trial because under Rule 38(b), Triple-S has waived the right to a jury trial on the original issues.

## IV. CONCLUSION

Triple-S has failed to show that it has not waived its right to a jury trial. Its argument that it is entitled to a jury trial because it filed the Demand four days prior to the filing of the Trustee's First Amended Complaint is unpersuasive. Triple-S's agreement to allow the Trustee to amend seems calculated as an attempt to circumvent its prior waiver of a jury trial. Even if the Rules allowed such strategic moves by a party who has waived a jury trial, the Rules do not allow for a revival of waiver unless new issues of fact are introduced in the amended pleadings. The Trustee's First Amended Complaint introduced no new issues; in fact, it introduced very little new information. This Court cannot find that the Trustee's First Amended Complaint was sufficiently novel as to have raised new issues upon which Triple-S can demand a jury trial.

9

Triple-S based its argument only on Rule 38(b).  Triple-S failed to request relief under Rule 39(b), as made applicable by Bankruptcy Rule 9015(a), and this Court is not inclined to grant Triple-S such relief *sua sponte*.  For the above reasons, the Trustee's Motion to Strike Defendant's Demand for a Jury Trial shall be granted.  A separate Order to this effect will be entered on the docket.

At the end of the hearing on the Trustee's Motion to Strike held on September 1, 2005, counsel for Triple-S represented to the Court that if the Court granted the Trustee's Motion to Strike Defendant's Demand for Jury Trial, Triple-S would withdraw its Motion to Withdraw the Reference.  Triple-S will have ten days from the date of this Memorandum Opinion, and the corresponding Order, to file such a motion.

Signed this 19th day of September, 2005.

_____
Jeff Bohm
United States Bankruptcy Judge

cc: (1)    M. Kevin Powers
           via telecopy (713) 222-1475

    (2)    Elizabeth C. Freeman
           via telecopy (713) 226-1200